**Richard B. SIMMONS, Petitioner–Appellant,**

v.

**UNITED STATES of America, Respondent–Appellee.**

**No. 05–15513**
**Non–Argument Calendar.**

United States Court of Appeals,
Eleventh Circuit.

Aug. 30, 2006.

Richard B. Simmons, Jesup, GA, pro se.

H. Allen Moye, Amy Levin Weil, U.S. Attorney's Office, Atlanta, GA, for Respondent–Appellee.

Before TJOFLAT, CARNES and PRYOR, Circuit Judges.

PER CURIAM:

On February 6, 1992, after a jury had found appellant guilty of violating 21 U.S.C. §§ 841(a)(1) and 846 and 18 U.S.C. § 924(c) and 922(a)(6), the district court sentenced him to terms of imprisonment totaling 322 months. We affirmed appellant's convictions but remanded the case with the instruction that the district court make findings of fact as to whether appellant had obstructed justice so to warrant the court's enhancement of his offense level under the Sentencing Guidelines. *United States v. Simmons*, 9 F.3d 1559 (11th Cir.1993) (Table). Pursuant to the mandate, the district court entered an order stating the factual basis for the obstruction of justice enhancement.

On June 27, 2005, appellant moved the district court to "Correct [his] Final Judgment" pursuant to Fed.R.Civ.P. 60(b) contending that *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), is retroactive and should be applied to his case. The district court denied his motion on the ground that the Supreme Court had not declared *Booker* to be retroactive and applicable to cases on collateral review; thus, *Booker* provides appellant with no basis for relief. *See* Record, Vol. 2 at Tabs 125 and 140. Appellant now appeals. We affirm the district court's decision on two grounds. First, as the district court properly held, *Booker* provides appellant no basis for relief. Second, appellant's motion constitutes a collateral attack on his sentences and therefore should have been brought under 28 U.S.C. § 2255, not Rule 60(b).[1]

AFFIRMED.

---

1. We intimate no view as to whether appellant would have to petition this court for leave to file a § 2255 motion because the motion would amount to a second or successive motion.